UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-00041-RJC

| | |
|---|---|
| RICHARD M. FENDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| NANCY A. BERRYHILL,[1] ) | |
| Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Richard M. Fender's ("Plaintiff") Motion for Summary Judgment, (Doc. No. 9), and Memorandum in Support, (Doc. No. 10), Nancy A. Berryhill's ("Defendant" or "Commissioner") Motion for Summary Judgment, (Doc. No. 11), and Memorandum in Support, (Doc. No. 12).

I. BACKGROUND

A.  Procedural Background

Plaintiff seeks judicial review of Defendant's denial of his social security claim. (Doc. No. 1). On September 16, 2013, Plaintiff filed his application for a period of disability ("DIB") and for supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. § 405 et seq. (Doc. Nos. 8 to 8-8:

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill has been substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

Administrative Record ("Tr.") at 207, 209). Plaintiff's application was denied initially and upon consideration. (Tr. 73–74, 103–04).

On July 16, 2015, a hearing was held in front an Administrative Law Judge ("ALJ"). (Tr. 45–67). On August 4, 2015, the ALJ issued a decision finding Plaintiff not disabled. (Tr. 23–44). The Appeals Council denied review of the ALJ's decision on December 12, 2016, making the ALJ's opinion the final decision of Defendant. (Tr. 1–7). Plaintiff now appeals the ALJ's decision, requesting this Court to issue a remand pursuant to 42 U.S.C. §405(g).

B. Factual Background

The question before the ALJ was whether the claimant is disabled under sections 216(i), 233(d), and 1614(a)(3)(A) of the Social Security Act. (Tr. 26). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ ultimately concluded that Plaintiff was not under a disability from January 30, 2012, his alleged onset date, through August 4, 2015, the date of the ALJ's decision. (Tr. 37–38).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;
(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;
(4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and
(5) whether considering claimant's RFC, age, education, and work experience he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i–v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. at 37–38).

To begin with, the ALJ concluded that Plaintiff had not engaged in any substantial gainful activity since January 30, 2012, Plaintiff's alleged onset date. (Tr. 28). At the second step, the ALJ found that Plaintiff had the following severe impairments: "osteoarthritis; panic disorder; and attention deficit hyperactivity disorder." (Tr. 28–29). At the third step, the ALJ determined that Plaintiff did not have an "impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1." (Tr. 29).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) that involves no climbing of ladders, ropes or scaffolds; no more than occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching or crawling; cannot have any concentrated exposure to hazards, vibration or loud noise; not perform any work that would require an acute hearing ability; and the following non-exertional limitations: can perform and maintain concentration and persistence for simple, routine, repetitive tasks for at least two hour segments; he could adapt to routine changes in a work setting; and he would be limited to

> work that would require no more than occasional interaction with the public, co-workers or supervisors.

(Tr. 30). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Id.). The ALJ further opined that he "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs [Social Security Rulings] 96-2p, 96-5p, 96-6p and 06-3p." (Id.).

At the fourth step, the ALJ found that Plaintiff could not perform his past relevant work. (Tr. 36). Finally, at the fifth step, the ALJ concluded that, after "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (Tr. 37). Therefore, the ALJ determined that Plaintiff was not disabled. (Tr. 38).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d

773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

III. DISCUSSION

On appeal, Plaintiff argues that the ALJ failed to: (1) resolve conflicts between the testimony of the Vocational Expert ("VE") and the Dictionary of Occupational Titles ("DOT"); (2) provide sufficient reasoning for rejecting the opinions of a treating physician and treating provider; and (3) explain why limitations in medical opinions

were not included in the RFC when they were otherwise afforded great weight. For the reasons set forth below, the Court denies Plaintiff's Motion for Summary Judgment.

A. <u>The Court Finds No Conflicts Between the VE's Testimony and the DOT.</u>

Plaintiff first argues that the ALJ violated SSR 00-4p by failing to ask the VE if her testimony was consistent with the DOT. (Doc. No. 10 at 6). Defendant colors Plaintiff's argument as a mischaracterization. Although the ALJ did not ask the VE about potential conflicts after their testimony, Defendant states he did address conflicts before posing hypotheticals to the VE. The ALJ asked, "And do you understand if you give us an opinion that conflicts with the DOT, that you'll advise us of that conflict and the basis of your opinion?" (Tr. 63). The VE responded, "I do." (<u>Id.</u>).

SSR 00–4p requires ALJs to ask about conflicts between the evidence provided by the VE and the DOT. SSR 00-4P at *4. In <u>Pearson v. Colvin</u>, the Fourth Circuit clarified that the ALJ has two duties when it comes to assessing VE testimony:

> First, the ALJ must '[a]sk the [vocational expert] … if the evidence he or she has provided conflicts with information provided in the [Dictionary]'; and second, '[i]f the [vocational expert]'s … evidence appears to conflict with the [Dictionary ],' the ALJ must "obtain a reasonable explanation for the apparent conflict.'

<u>Pearson v. Colvin</u>, 810 F.3d 204, 208 (4th Cir. 2015) (quoting SSR 00–4p). The Fourth Circuit has interpreted this second duty to include an independent investigation by the ALJ of any apparent conflicts. <u>Id.</u> at 209. Here, Plaintiff points out that the ALJ

failed to complete the first duty above when he failed to ask the VE about conflicts with the DOT during the hearing. (Doc. No. 10 at 6).

Even if Plaintiff were correct in arguing that the ALJ failed to properly ask the VE if her testimony conflicts with the DOT, a violation of that duty does not always warrant remand. An ALJ commits harmless error when she fails to inquire as to conflicts between the VE testimony and the DOT if no conflict existed in the first place.[2] Here, the Court finds such harmless error because no conflicts exist.

To begin with, Plaintiff argues that the VE's testimony conflicts not only with the DOT, but with O*Net (Occupational Information Network) as well. Plaintiff, however, cites no authority to support the proposition that ALJs must discuss apparent conflicts between the VE testimony and O*Net. In fact, it is the view of some courts that no such duty exists. Spurlock v. Berryhill, No. 1:17CV411, 2018

---

[2] Compare, Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007) (finding the ALJ's failure to inquire as to conflicts between the VE testimony and the DOT was harmless error because no conflict existed), and Critchley v. Colvin, No. 5:15-CV-08288, 2016 WL 3030211, at *8 (S.D.W. Va. May 4, 2016), report and recommendation adopted, No. 5:15-CV-08288, 2016 WL 3033763 (S.D.W. Va. May 26, 2016) (finding "any error by the ALJ in neglecting to follow SSR 00-4p was harmless and does not warrant remand" when the claimant was unable to point to any conflict between the VE testimony and the DOT), and Joines v. Colvin, No. 3:14-CV-00396-MOC, 2015 WL 1249579, at *9 (W.D.N.C. Mar. 18, 2015) (finding "that the ALJ's failure to explain any reconciliation of a conflict is harmless because the ALJ would have reached the same result regarding disability notwithstanding such error."), with Gosnell v. Astrue, No. 4:09-CV-03142-RMG, 2011 WL 124449, at *3–4 (D.S.C. Jan. 14, 2011) (finding the ALJ's failure to comply with SSR 00–4p was not harmless error when apparent conflicts existed), and Walls v. Astrue, No. 2:09-CV-01006, 2010 WL 5672742, at *5 (S.D.W. Va. Dec. 20, 2010), report and recommendation adopted, No. 2:09-CV-01006, 2011 WL 322645 (S.D.W. Va. Jan. 31, 2011) (finding that failure to ask about conflicts between the VE testimony and the DOT was not a harmless error when apparent conflicts did exits).

U.S. Dist. LEXIS 20777, at *21–22 (M.D.N.C. Feb. 8, 2018) (citing Malfer v. Colvin, Civ. No. 12-169J, 2013 U.S. Dist. LEXIS 136296, 2013 WL 5375775, at *5 (W.D. Pa. Sept. 24, 2013); Ryan v. Astrue, 650 F. Supp. 2d 207, 218 (N.D.N.Y. 2009); Willis v. Astrue, Civ. No. C08-1198-RSM, 2009 U.S. Dist. LEXIS 134941, 2009 WL 1120027 at *3 (W.D. Wash. Apr. 24, 2009)). SSR 00-4p only requires the ALJ to identify and resolve apparent conflicts between the VE's testimony and the DOT, not other administrative materials.[3] (Id.) (citing Walker v. Berryhill, No. CV 16-01040-KES, 2017 U.S. Dist. LEXIS 42524, 2017 WL 1097171, at *3 (C.D. Cal. Mar. 23, 2017); SSR 00-4p, at *4-5, 2000 WL 1898704, at *2). The Court does not believe that the ALJ has an affirmative duty to seek out and resolve apparent conflicts between the VE's testimony and O*Net, especially when the VE did not rely on O*Net for their conclusions. See Nguyen v. Colvin, No. SACV 13-01338-DFM, 2014 WL 2207058, at *3 (C.D. Cal. May 28, 2014) ("[I]t is immaterial whether Plaintiff's RFC is compatible with the requirements of her past relevant work as determined by O*NET because the VE did not consult that source. Rather, the VE relied upon the DOT….").

Turning to the VE's testimony, it was suggested that he could perform the jobs of building cleaner, (DOT number 323.687-014); marker in retail, (DOT number 209.587-034); and cafeteria attendant, (DOT number 311.677-010). (Tr. 64-65). These positions were suggested in light of Plaintiff's RFC, which limited him in part

---

[3] Plaintiff essentially admits this by arguing first that the ALJ erred in failing to ask the VE if her testimony conflicted with the DOT. While Plaintiff does not assert that the ALJ had any duty to inquire about conflicts with O*Net, he nonetheless relies solely on O*Net for arguing that conflicts exist to warrant remand.

to simple, routine, repetitive tasks for at least two hour segments; no more than occasional interaction with the public, co-workers or supervisors; and no more than occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching or crawling. (Tr. 30).

In arguing that the ALJ should have noticed and resolved apparent conflicts between the VE's testimony and the DOT, Plaintiff fails to cite the DOT. Plaintiff only cites O*Net. Because Plaintiff failed to argue why the Court should extend the duties of the ALJ any farther than the DOT, the Court does not find that Plaintiff successfully identified a Step Five error worthy of remand.

B. The ALJ Properly Assessed the Weight of Medical Opinions in the Record.

Next, Plaintiff argues that the ALJ erred in failing to accord proper weight to the opinions of Dr. Robinson, Plaintiff's treating physician, and Mr. Hart, LPC, Plaintiff's treating therapist. (Doc. No. 10 at 12–16). In his decision, the ALJ afforded these opinions "very little weight as they are inconsistent with the medical evidence of record including their own records that on several occasions reflect mental status evaluations within normal limits." (Tr. 35). The ALJ also noted that Mr. Hart's opinion as a licensed professional counselor failed to qualify as an "acceptable medical source." Id. This prevented Mr. Hart from establishing the existence of a medically determinable impairment. (Id.). Mr. Hart's opinion could only show the severity of Plaintiff's impairments and how it affects Plaintiff's ability to function. (Id.) (citing 20 CFR 404.1513(d), 416.913(d) and SSR 06-03p).

ALJ's must afford treating sources controlling weight if they "find that a treating source's opinion on the issue(s) of the nature and severity of [the] impairment(s) is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). "By negative implication, if a physician's opinion is *not* supported by clinical evidence or if it is *inconsistent* with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996) (emphasis added). A non-exhaustive list guides courts when weighing medical opinions. Courts may ask: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527).

The Court believes that the ALJ's reasoning for affording little weight to the opinions of Dr. Robinson and Mr. Scott is sufficient, albeit brief. The ALJ spent considerable time in his decision emphasizing the relative normal findings that he later says conflict with Dr. Robinson and Mr. Hart's opinions. Specifically, the ALJ highly valued the findings of Dr. Mullen and Dr. Lloyd, State Agency psychological consultants, as well as Dr. Marcus, who completed a psychological examination. (Tr. 33–34). The conclusions of those medical sources were contrary to those of Dr. Robinson and Dr. Hart. Dr. Robinson and Mr. Hart's opinions found moderate to

marked mental limitations while Drs. Mullen, Lloyd, and Marcus found mild to moderate limitations. (Tr. 33–34).

Furthermore, as Defendant emphasizes in her brief, Dr. Robinson's own records note normal mental examination findings. (Tr. 424–25, 426–27, 429–30, 433–34, 436–37, 439–40, 498–99, 501–02, 601, 606). Such references to a treating physician's own records constitute sufficient grounds to reduce the weight of that physician's opinion. See McDonald v. Berryhill, No. 1:17CV65, 2017 WL 6403861, at *4 (M.D.N.C. Dec. 14, 2017) ("In drawing his conclusion, the ALJ identified Dr. Singh's own treatment notes, which is a category of evidence he specifically relied upon."). The ALJ did not need to cite specific pages in the treating sources' opinions when he identified and relied on a specific category of evidence, such as a doctor's own notes. Id. (citing Sharp v. Colvin, 660 Fed. Appx. 251, 257 (4th Cir. 2016)). Considering these factors stated by the ALJ, the Court finds that he sufficiently reduced the weight of Dr. Robinson's and Mr. Hart's opinions by emphasizing the lack of support of the opinions and the inconsistency of those opinions with the record.

C. The ALJ Properly Determined Plaintiff's Residual Functional Capacity.

Plaintiff's last round of arguments pertains to the ALJ's RFC analysis. Specifically, Plaintiff takes issue with the ALJ's failure to: (1) incorporate a limitation to "short and simple instructions"; (2) establish a finding as to Plaintiff's ability to accept criticism from supervisors; (3) find Plaintiff's ability to complete a full workday without unreasonable periods of rest; and (4) explain his finding that Plaintiff can

maintain concentration and persistence for two-hour segments. (Doc. No. 10 at 16–22).

1. Adopting a limitation of very short simple instructions

Plaintiff argues that, when the ALJ attributed great weight to the opinions of Drs. Mullen and Lloyd, he should have included their finding that Plaintiff was limited to "very short and simple instructions." (Doc. No. 10 at 17) (citing Tr. 85, 99, 119, 137). Defendant responds, arguing that limiting a claimant to unskilled work already includes a limitation to short and simple instructions. (Doc. No. 12 at 11) (citing POMS DI 25020.010(B)(3)(b)).

"[I]n according significant weight to a medical opinion, an ALJ is not bound to accept or adopt all the limitations set forth therein…." Burge v. Colvin, No. 7:15-CV-00249-D, 2016 WL 6902118, at *7 (E.D.N.C. Oct. 24, 2016), report and recommendation adopted, No. 7:15-CV-249-D, 2016 WL 6905936 (E.D.N.C. Nov. 23, 2016). See also Eurey v. Berryhill, No. 5:17-CV-65-DSC, 2017 WL 6349240, at *3 (W.D.N.C. Dec. 12, 2017) (finding that, despite affording state psychological consultant opinions significant weight, the ALJs failure to incorporate all the limitations of those consultants has not error when "the ALJ thoroughly explained her evaluation of Plaintiff's non-exertional limitations and included those limitations supported by the record."). Here, the Court finds that the ALJ's decision to not adopt a specific limitation of "very short and simple instructions" does not constitute an error. And, even if the ALJ *did* err, Plaintiff fails to demonstrate how that error is harmful.

As Defendant points out, the ALJ relied solely on unskilled jobs during Step Five. (Doc. No. 12 at 12). "Per POMS DI 25020.010(B)(3)(b), one of the basic mental demands of competitive, remunerative, unskilled work includes the ability (on a sustained basis) to understand, carry out, and remember very short and simple instructions." (Id. at 11). Therefore, even if the ALJ included Plaintiff's proposed limitation, he would nonetheless qualify to work the proposed jobs. What's more, the Court notes that the ALJ limited Plaintiff to simple, routine, repetitive tasks, (Tr. 30), "which is a narrower category (meaning greater limitations) than unskilled work." McClendon v. Astrue, No. 1:10CV411, 2012 WL 13525, at *7 (M.D.N.C. Jan. 4, 2012), report and recommendation adopted, No. 1:10CV411, 2012 WL 1414327 (M.D.N.C. Apr. 24, 2012); see also Walls v. Astrue, No. 1:11CV318, 2013 WL 954361, at *4 (W.D.N.C. Feb. 22, 2013), report and recommendation adopted sub nom. Walls v. Colvin, No. 1:11-CV-00318-MR-DLH, 2013 WL 951583 (W.D.N.C. Mar. 12, 2013). So, if anything, the ALJ's current RFC limitations are greater and more restrictive than a limitation of very short and simple instructions.

2. Adopting a limitation regarding the ability to accept instructions and respond appropriately to criticism from supervisors

Next, Plaintiff claims that the ALJ erred by failing to include the psychological consultants' finding that Plaintiff is moderately limited in his ability to accept instructions and respond appropriately to criticism from supervisors. (Doc. No. 10 at 18). While the ALJ limited Plaintiff to occasional contact with supervisors, Plaintiff claims that he must explain what he means by "contact." (Id.).

First, Plaintiff's assertion that ALJs must define what constitutes "contact" is not persuasive. As other courts have found, "Plaintiff has not shown why the term 'contact' warrants explanation beyond its common, every day meaning. Nor does it appear he could." Weinshenker for Weinshenker v. Berryhill, No. 1:17CV4, 2017 WL 3841861, at *13 (M.D.N.C. Sept. 1, 2017).[4] Furthermore, it does not seem that the VE expressed any difficulty in understanding the term within the ALJ's hypothetical. Id.

Otherwise, the Court also finds that the ALJ did adequately account for Plaintiff's moderate impairment in social functioning by limiting him to "no more than occasional interaction with the public, co-workers or supervisors." (Tr. 30). The medical record supports this limitation. For example, the very State Agency psychologist opinions that Plaintiff relies on found Plaintiff "able to interact [with] coworkers, general public and supervisors in a minimum social demand workplace setting." (Tr. 85, 99, 119, 146). As such, the Court can find no error in the ALJ's handling of Plaintiff's social limitations.

3. Plaintiff's ability to complete a normal workday and workweek and perform at a consistent pace without an unreasonable number and length of periods.

The ALJ limited Plaintiff to "light work" and the ability to "perform and maintain concentration and persistence for simple, routine, repetitive tasks for at

---

[4] Citing Frye v. Berryhill, No. 1:16CV543, 2017 WL 3242259, at *5 (M.D.N.C. July 28, 2017); O'Brien v. Colvin, No. 1:15CV536, 2016 WL 2755459, at *5 (M.D.N.C. May 11, 2016), recommendation adopted, 2016 WL 5660296 (M.D.N.C. Sept. 30, 2016) (Tilley, Jr., S.J.); Campos v. Astrue, No. CV 10–8603 AGR, 2012 WL 467985, at *2 (C.D. Cal. Feb. 14, 2012).

least two hour segments." (Tr. 30). Citing Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), Plaintiff claims that the ALJ did not explain how this two-hour limitation was reached. (Doc. No. 10 at 20).

Plaintiff is correct that Mascio states that an ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Id. at 636 (quoting SSR 96-8p). However, Plaintiff fails to recognize that Mascio rejected a per se rule requiring remand if the ALJ fails to perform an explicit function-by-function analysis. Id. A more accurate description of Mascio's holding is:

> when an ALJ finds moderate limitation in CPP, the ALJ must either adopt a restriction that addresses the "staying on task" aspect of CPP-related deficits (which a restriction to simple tasks does not, at least on its face) or explain why the CPP limitation of that particular claimant did not necessitate a further restriction regarding "staying on task."

Grant v. Colvin, No. 1:15CV00515, 2016 WL 4007606, at *9 (M.D.N.C. July 26, 2016) (emphasis in original).

Here, the Court finds that a two-hour limitation directly addresses Plaintiff's moderate limitations in concentration, persistence or pace ("CPP"). Not only have other courts reached this conclusion,[5] but this two-hour limitation closely resembles

---

[5] Neyer v. Comm'r, SSA, No. SAG-14-3343, 2015 U.S. Dist. LEXIS 131031, at *9 (D. Md. Sep. 29, 2015) ("Based on the parameters of Mascio, 780 F.3d 632, I find that the ALJ adequately accounted for [the claimant's] moderate limitation in concentration, persistence, or pace by limiting her to performing simple tasks in two-hour increments. By limiting the sustained duration of Ms. Neyer's work to two hours, the ALJ adequately accounted for her limited ability to stay on task."); Owens

the effects of limiting a claimant to a non-production pace, which also adequately addresses moderate difficulties in CPP.[6]

Because the ALJ's limitation of two-hour work segments directly addresses the moderate CPP limitations, the Court does not find reversible error in the ALJ's failure to address Plaintiff's ability to complete a full workday. As for how the ALJ determined that Plaintiff could perform two-hour work segments, the Court notes that this limitation was based on the moderate CPP limitation. Furthermore, Plaintiff fails to point to conflicting evidence in the record to suggest that Plaintiff could not maintain CPP with this limitation. Such a showing is required to warrant remand. Mascio, 780 F.3d at 636 ("[r]emand may be appropriate ... where an ALJ

---

v. Comm'r, SSA, No. SAG-14-3692, 2015 U.S. Dist. LEXIS 112107, at *11-12 (D. Md. Aug. 24, 2015) ("I find that the inclusion of these limitations adequately distinguishes this case from [Mascio], because Mr. Owens's moderate difficulties in concentration, persistence, or pace were specifically addressed by the finding that he is able to perform simple tasks in two hour increments. Thus, the hypothetical was not wanting for limitations to address Mr. Owens's ability to maintain focus or stay on task."). But see Steele v. Comm'r, Soc. Sec., No. MJG-15-1725, 2016 U.S. Dist. LEXIS 48744, at *13 (D. Md. Apr. 11, 2016) ("The Fourth Circuit was clear that restriction to simple, routine, and repetitive tasks does not adequately address a claimant's ability to stay on task. Mascio, 780 F.3d at 638. While the ALJ also includes a limitation to performing tasks in two hour increments, this limitation does not account for any breaks in addition to those encompassed by a normal workday.").

[6] See Sizemore v. Berryhill, 878 F.3d 72 (4th Cir. 2017); Jarek v. Colvin, No. 3:14CV620-FDW-DSC, 2015 WL 10097516, at *5 (W.D.N.C. Sept. 4, 2015), report and recommendation adopted, No. 314CV00620FDWDSC, 2016 WL 626566 (W.D.N.C. Feb. 16, 2016), aff'd, 672 F. App'x 332 (4th Cir. 2017); Michaels v. Colvin, No. 3:15CV388-RJC-DSC, 2016 WL 8710975, at *7 (W.D.N.C. Mar. 25, 2016), report and recommendation adopted, No. 315CV00388RJCDSC, 2016 WL 5478014 (W.D.N.C. Sept. 26, 2016), aff'd sub nom. Michaels v. Berryhill, 697 F. App'x 223 (4th Cir. 2017) ("Consistent with Mascio, the ALJ limited the RFC not only to simple routine repetitive tasks but also to "work in a nonproduction pace rates....").

fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record....").

IV. CONCLUSION

    **IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 9), is **DENIED**;

2. Defendant's Motion for Summary Judgment, (Doc. No. 11), is **GRANTED**; and

3. The Clerk of Court is directed to close this case.

Signed: March 29, 2018

_____

Robert J. Conrad, Jr.
United States District Judge